JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Martin, Kathleen, Jay and Rachel Press, appeal from the judgment of the common pleas court granting the motion for summary judgment of defendant-appellee, Westport Insurance Corporation. We affirm.
 {¶ 2} On July 15, 2002, Martin Press was involved in a motor vehicle accident with an underinsured motorist. At the time of the accident, Press was employed by PS Management, which carried automobile, general liability and excess and/or umbrella policies of insurance issued by Westport. It is undisputed that Press was driving his own vehicle at the time of the accident and was not operating a vehicle described as a covered vehicle under any policy of insurance issued by Westport to PS Management. Press left his employment with PS Management shortly after the accident.
 {¶ 3} Appellants subsequently filed suit against Westport. They alleged that Press was in the course and scope of his employment at the time of the accident and sought a declaratory judgment that, pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292,[1] they were entitled to uninsured/underinsured ("UM/UIM") motorist coverage under the policies of insurance issued by Westport to PS Management. *Page 3 
 {¶ 4} The trial court subsequently granted Westport's motion for summary judgment. It ruled that appellants are not entitled to coverage under any policy of insurance issued by Westport to PS Management. The trial court ruled that Westport was under no obligation to offer UM/UIM coverage and, further, that the Westport policies are not subject to R.C. 3937.18, because the policies were not issued or delivered in Ohio with respect to any vehicles registered or garaged in Ohio, the general liability policy is not an automobile liability policy of insurance, and the excess policy is not required to provide UM/UIM coverage where the underlying policies do not provide such coverage. Appellants now appeal.
 {¶ 5} Civ. R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ. R. 56(C).Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 201, 205.
 {¶ 6} Initially, we note that appellants concede on appeal that they are not entitled to coverage under the commercial general liability policy issued by Westport to PS Management and, accordingly, we address coverage only as it pertains to the *Page 4 
automobile and excess policies. We further note that although Westport maintains that Press was not within the course and scope of employment at the time of the accident, Westport concedes that it limited its motion for summary judgment to issues involving its policies of insurance and, therefore, the issue of whether Press was acting within the course and scope of his employment is not before us.
 {¶ 7} The record demonstrates that PS Management was insured for commercial automobile liability by Westport through policy number WIP-A105860. The policy was issued by Westport Insurance Corporation of Overland Park, Kansas to the named insured, PS Managment of Volant, Pennsylvania. The policy provided coverage for the named insured, as well as several other named insureds, including PS of Cleveland, Inc. and ProSource of Cleveland. The policy insured seven listed covered autos, including four private passenger vehicles garaged in Florida, and two trailers and one tractor garaged in Pennsylvania. There was no Ohio UM/UIM endorsement on this policy and no vehicles registered or garaged in Ohio were covered under this policy.
 {¶ 8} PS Management was also insured for excess liability through Westport commercial excess liability and umbrella liability policy number WIP-U105860. This policy was likewise issued by Westport Insurance Corporation of Overland Park, Kansas to PS Management in Volant, Pennsylvania. This policy provided excess coverage to PS Management and a number of other named insureds, including PS of Cleveland, Inc. and ProSource of Cleveland. The policy provided sums in excess *Page 5 
of primary insurance that the insured becomes obligated to pay, and sums in excess of a retained limit for certain injuries[2] for which primary insurance coverage was not afforded.
 {¶ 9} The record further reflects that these policies were originally written for the policy period December 1, 2000 to January 1, 2001 and subsequently renewed for the policy periods January 1, 2001 to January 1, 2002 and January 1, 2002 to January 1, 2003. No policies of insurance were physically printed for the one-month period December 1, 2000 to January 1, 2001, although a binder of insurance evidencing coverage for this period was printed.
 {¶ 10} Prior to its amendment by Senate Bill 97, R.C. 3937.18(A) required that automobile insurers provide uninsured and underinsured motorist coverage:
 {¶ 11} "No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered orissued for delivery in this state with respect to any motor vehicleregistered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy * * *:
 {¶ 12} "(1) Uninsured motorist coverage * * *. *Page 6 
 {¶ 13} "(2) Underinsured motorist coverage * * *." (Emphasis added.)
 {¶ 14} Senate Bill 97, effective October 31, 2001, deleted the requirement that insurers provide uninsured or underinsured motorist coverage. As amended by Senate Bill 97, R.C. 3937.18(A), now provides that:
 {¶ 15} "(A) Any policy of insurance delivered or issued for deliveryin this state with respect to any motor vehicle registered orprincipally garaged in this state that insures against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle may, but is not required to, include uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages." (Emphasis added.)
 {¶ 16} Appellants argue on appeal that the trial court erred in granting Westport's motion for summary judgment because Westport never produced the binder or the policies of insurance and, therefore, UM/UIM coverage is implied by law. Specifically, appellants argue that the controlling policies were issued on December 1, 2000, and, because of the mandatory two-year guarantee period set forth in Wolfe v.Wolfe, 88 Ohio St.3d 246, 2000-Ohio-322, the pertinent policy period is December 1, 2000 to December 1, 2002. Appellants contend that Senate Bill 97 and Senate Bill 267 cannot be applied to change coverage during this two-year period and that any "exclusions" in the policies are not applicable during this two-year period. Appellants' arguments have no merit. *Page 7 
 {¶ 17} First, appellants cite no law to support their contention that UM/UIM coverage is implied as a matter of law because the insurance policies were not produced. Moreover, the record demonstrates that the policies and the binder of coverage were, in fact, produced to appellants.
 {¶ 18} Furthermore, even applying the earlier version of R.C. 3937.18-which required mandatory UM/UIM coverage-to this case, no UM/UIM coverage for appellants arises under the Westport policies. As this court has stated, "[R.C. 3937.18] expressly applies only to policies delivered in Ohio to insure vehicles registered or principally garaged in Ohio. The statute does not purport to apply to policies delivered elsewhere to insure automobiles registered and garaged elsewhere."Jarvis v. State Farm Mut. Auto. Ins. Co. (Dec. 30, 1993), Cuyahoga App. No. 64597.
 {¶ 19} Here, neither the business auto policy nor the commercial excess policy issued by Westport to PS Management were issued for delivery in Ohio, and neither were issued with respect to any vehicle registered or principally garaged in Ohio. As a result, R.C. 3937.18 is not applicable to these policies, Westport was not required to offer UM/UIM coverage in accordance with R.C. 3937.18, and UM/UIM coverage does not arise by operation of law to extend coverage to appellants. See, e.g., Misseldine v. Progressive Cas. Ins. Co., Cuyahoga App. No. 81770, 2003-Ohio-1359, at ¶ 49; Foster v. Motorists Ins. Co., Mercer App. No. 10-03-07, 2004-Ohio-1049, *Page 8 
at ¶ 22. Accordingly, the trial court properly granted summary judgment in favor of Westport.
Affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and ANN DYKE, J., CONCUR
[1] In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Ohio Supreme Court limited Scott-Pontzer to apply only where an employee is within the course and scope of employment.
[2] Bodily injury or mental disability resulting from false arrest or imprisonment, malicious prosecution, wrongful eviction, slander or libel, or publication of material that violates a person's right to privacy. *Page 1